**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-24665-PAB**

**EMMANUEL KAPETANAKIS,**

Plaintiff,

**v.**

**TRULIEVE, INC.,**

Defendant.

___________________________________/

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENTS AND DISMISSAL WITH PREJUDICE**

Plaintiff, Emmanuel Kapetanakis, and Defendant, Trulieve, Inc., by and through undersigned counsel jointly move for Court approval of the mutually-agreed upon terms and conditions of settlement of Plaintiff's claims arising under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. § 201 et seq., and respectfully request dismissal of the above-captioned action with prejudice, in its entirety, with each party bearing its own fees, costs, and expenses except as otherwise set forth herein and in the Parties' Settlement Agreement. In support of this Motion, the Parties state as follows:

1. Kapetanakis filed the instant action on October 9, 2025, alleging violations of the Fair Labor Standards Act and the Family and Medical Leave Act.

2. Kapetanakis alleges that Trulieve failed to pay him overtime wages. Trulieve denies Plaintiff's allegations and contends that he was properly classified as exempt under the FLSA.

3. Kapetanakis further alleged that Trulieve interfered with his FMLA leave and fired him in retaliation for taking FMLA leave. Although Kapetanakis has voluntarily dismissed his FMLA claims, he has done so without prejudice to refile.

4. Trulieve denies that it violated any of Kapetanakis's rights under the FLSA or FMLA.

5. To avoid the costs and uncertainties of litigation, the Parties have negotiated a settlement in this matter.

6. Both parties are represented by employment counsel with extensive experience in FLSA litigation. The terms, contents, conditions and effects of the Settlement Agreement have been fully explained by them to their respective counsel, and the Plaintiff has accepted the terms and conditions of the Settlement Agreement and settlement amounts in lieu of the uncertainty of litigation.

7. Through this settlement, Plaintiff will be able to reach a resolution of his claims, which would require significant cost and resources to prosecute fully without a guarantee of victory.

8. Because the settlement involves Plaintiff's claims under the FLSA, and because FLSA settlement agreements must be supervised or approved by the Court, the Parties hereby request that the Court approve the Settlement Agreement. If the Court wishes to review the Settlement Agreement in advance of a hearing on the Joint Motion, the parties will provide the Settlement Agreement for the Court's in camera review.

**DISCUSSION**

There are two ways that FLSA claims may be settled, compromised, or released by an employee. *Lynn's Food Stores*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which does apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL-19GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FTM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same). When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

The terms of the Parties' settlement are fair and reasonable. Counsel for both parties have zealously represented their clients' respective interests and

have negotiated a settlement that is acceptable to Plaintiff and Defendant. The terms, contents, conditions and effects of the Settlement Agreement have been fully explained by Counsel to their respective clients, and Plaintiff has accepted the terms and conditions of the Settlement Agreement and settlement amounts as fair and reasonable given that Plaintiff could have recovered far less if the Parties had gone to trial due to the uncertainty of litigation. Plaintiff also submits that the terms of settlement are fair and reasonable and the settlement fully satisfies a reasonable amount of Plaintiff's attorneys' fees and costs based on the amount of time actually spent by Plaintiff's counsel in prosecuting and ultimately resolving Plaintiff's claims and the actual costs incurred.

Therefore, the undersigned respectfully request this Court approve the settlement as a fair and reasonable resolution of a disputed claim under the FLSA and dismiss the case with prejudice.

**WHEREFORE**, the Parties request that the Court enter an Order: (1) approving the terms of the Settlement Agreements; and (2) dismissing this action with prejudice, with the Court retaining jurisdiction for 90 days from the date of entry of the Order.

Respectfully submitted this 19th day of December, 2025.

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**

*/s/Alberto Naranjo*
Alberto Naranjo, Esq.
Florida Bar No.: 92923
Email: an@anlawfirm.com
AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, Florida 33016
Telephone: (305) 942-8070
*Counsel for Plaintiff*

*/s/ Melanie R. Leitman*
**Melanie Leitman, Esq.**
Florida Bar No.: 091523
106 East College Avenue, Ste. 700
Tallahassee, Florida 32301
Telephone: (850) 580-7200
**Thomas Raine, Esq.**
Florida Bar No.: 1025637
150 W. Flagler Street, Ste. 2200
Miami, Florida 33130
mleitman@stearnsweaver.com
traine@stearnsweaver.com
aruddock@stearnsweaver.com
mbittner@stearnsweaver.com
*Attorneys for Defendant, Trulieve, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 19th, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Melanie R. Leitman*
Melanie R. Leitman



#14310308 v1